EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI     #2286
Chief, Drug/Organized Crime Section

LOUIS A. BRACCO
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-Mail:  Lou.Bracco@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROY W. FRISBEE, | ) | CV. NO. 07-00533 HG/BMK |
| | ) | CR. NO. 03-00200-02 HG |
| Petitioner, | ) | |
| | ) | GOVERNMENT'S PRELIMINARY |
| vs. | ) | REPLY TO DEFENDANT ROY W. |
| | ) | FRISBEE'S 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | ) | PETITION TO VACATE HIS |
| | ) | CONVICTION/SENTENCE, AND, |
| | ) | REQUEST FOR ORDER FINDING |
| Respondent. | ) | ATTORNEY-CLIENT PRIVILEGE |
| | ) | WAIVER AS TO FORMER |
| | ) | ATTORNEY REGINALD MINN; |
| | ) | EXHIBITS "A" and "B"; |
| | ) | CERTIFICATE OF SERVICE |

GOVERNMENT'S PRELIMINARY REPLY TO DEFENDANT ROY W. FRISBEE'S
28 U.S.C. § 2255 PETITION TO VACATE HIS CONVICTION/SENTENCE,
AND, REQUEST FOR ORDER FINDING ATTORNEY-CLIENT
<u>PRIVILEGE WAIVER AS TO FORMER ATTORNEY REGINALD MINN</u>

A.      <u>INTRODUCTION</u>

    This pleading is filed pursuant to Hawaii Local District Rule 7.10, and responds, at least preliminarily, to the

pro se 28 U.S.C. § 2255 petition filed by convicted Defendant Roy W. Frisbee ("Frisbee") on October 22, 2007.  In his § 2255 petition, Frisbee challenges his convictions (and sentence) after trial in 2004 for drug trafficking offenses.

In this present collateral challenge, Frisbee contends that his conviction was improper, inter alia, because the attorney who represented him at trial and pretrial proceedings (Reginald Minn, Esq.) was ineffective because:  (1) his attorney failed to conduct pre-trial investigation as to an accomplice trial witness, and (2) his attorney failed to raise a defense asserting Frisbee's reduced mental capacity.  Frisbee contends that these omissions prejudiced him, and accordingly seeks to have his convictions and sentence vacated.

In order for the United States Attorney to investigate Frisbee's claim(s) of ineffectiveness of counsel, particularly his claim as to counsel's failure to raise a defense of reduced mental capacity, it will be necessary to interview Reginald Minn, Esq., the attorney who represented Frisbee at his trial, concerning such claim(s).  Accordingly, for the reasons stated in part C herein, we ask the Court to issue the annexed proposed order (annexed as Exhibit "B") finding that Frisbee has waived his attorney-client privilege with respect to Mr. Minn as to these issues, so that Mr. Minn may be interviewed regarding Frisbee's claims without violating the attorney-client privilege.

B.     BACKGROUND

    1.     Trial Proceedings

On September 17, 2003, a nine-count (Superseding) Indictment was returned in the District of Hawaii charging Petitioner Roy Frisbee, and seven other defendants, with participating in an extensive methamphetamine trafficking conspiracy (Count 1) in violation of 21 U.S.C. §§ 846 and 841(a)(1). Frisbee was also individually charged in Count 2 of this Indictment with having possessed a specific quantity of methamphetamine for distribution in violation of 21 U.S.C. § 841(a)(1), and, in Count 9 with criminal forfeiture of specified items of personal property alleged to have been proceeds of the drug conspiracy charged in Count 1.

Of the eight defendants named in this Indictment, six pled guilty to the conspiracy offense. Roy Frisbee and a second defendant, William Villa, proceeded to a jury trial before Hawaii District Judge Helen Gillmor. Trial proceedings commenced before Judge Gillmor on November 2, 2004 and continued intermittently for thirteen days over the next five weeks. Guilty verdicts against both defendants as to the drug conspiracy offense, and against Petitioner Frisbee as to the substantive drug offense charged in Count 2, were returned on December 2, 2004.

Trial concluded the following day, December 3, 2004, when the jury's special verdict(s) as to sentencing facts and forfeiture were returned. One series of special verdicts made findings as to drug quantity attributable as to each defendant,

and a "role-in-the-offense" finding as to Roy Frisbee.  The jury's special forfeiture verdict (involving Frisbee only) found that the $168,995.00 cash, three automobiles, three motorcycles, and sports boat identified in Count 9 of the Indictment were each proceeds of the drug trafficking conspiracy charged in Count 1.

  Sentencing proceedings as to Petitioner Frisbee were held on June 23, 2005.  Because the sentencing record established that Frisbee had previously been convicted of two or more felony crimes of violence, Judge Gillmor found Frisbee to be a "career offender" under the Sentencing Guidelines, which provided for an <u>advisory</u> guideline range of 360 months - life.  Judge Gillmor declined to follow the advisory guidelines however, and instead, imposed concurrent sentences of 250 months incarceration as to Counts 1 and 2.  Concurrent five year supervised release terms were also imposed as to each count.  Pursuant to the jury's special forfeiture verdict as to Count 9 of the Indictment, Judge Gillmor ordered that Frisbee's interest(s) in the $168,995.00 cash, three automobiles, three motorcycles, and sports boat, be forfeited.

2.  <u>Appellate Proceedings</u>

Petitioner Frisbee appealed his conviction(s) after trial to the Ninth Circuit Court of Appeals.  By written memorandum opinion filed July 12, 2006, Frisbee's conviction(s) and sentence were affirmed.  A copy of a Ninth Circuit memorandum opinion affirming Frisbee's conviction(s) and sentence is annexed hereto as Exhibit "A".

Frisbee thereafter petitioned the three judge panel which adversely decided his appeal for a rehearing.  Frisbee's petition for panel rehearing was denied on August 23, 2006.

C.  <u>DISCUSSION AND REQUEST FOR ORDER FINDING ATTORNEY-CLIENT PRIVILEGE WAIVER AS TO FORMER ATTORNEY REGINALD MINN</u>

At the outset of our discussion, we note that given the extent of the Government's <u>in camera</u> submission concerning the particular witness (Doug Farias), and the Ninth Circuit's ruling on direct appeal finding such <u>in camera</u> submission entirely proper, it is highly unlikely that <u>any</u> investigation conducted by Mr. Minn concerning Farias could have resulted in additional or relevant witness impeachment information.

Nevertheless, in order to <u>fully</u> investigate Frisbee's present claim(s) that his former attorney, Mr. Minn, was ineffective either for failing to conduct such investigation, and/or, for failing to assert a reduced mental capacity defense, it is necessary for the United States Attorney to interview Mr. Minn concerning these matters.  It will be necessary to

explore the conversations between Defendant Frisbee and Mr. Minn which caused Mr. Minn to decide his course of action with respect to these matters.  Our position is that by raising this claim of ineffective assistance as to Mr. Minn, Petitioner Frisbee has waived his attorney-client privilege as to conversation(s) related to these issues.  See e.g., Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974), cert. denied, 419 U.S. 1125 (1975).

In order for United States Attorney to be able to investigate Frisbee's claim(s), and to be able to file an informed response, we request that the Court issue the annexed order, making a written finding that Frisbee has waived his attorney-client privilege as to these communications/issues, so that Mr. Minn can be interviewed by the United States Attorney regarding Frisbee's claims, without violating the attorney-client privilege.  Mr. Minn would undoubtedly decline comment as to these matters, based upon the attorney-client privilege that would otherwise apply, absent a finding of waiver.

Accordingly, undersigned government counsel requests this Court to issue the annexed proposed order (Exhibit "B"), or a similar order, finding that Petitioner Frisbee has waived his attorney-client privilege as to communications with Mr. Minn concerning issues raised by Frisbee in his present § 2255 petition.

Upon the Court's issuing such an order, we intend to interview Mr. Minn and otherwise investigate petitioner's ineffective assistance claim(s).  Upon completing such interviews/investigation, we will file a supplemental response to Frisbee's petition, which addresses the ineffective assistance of counsel issue(s) raised therein, as well as Frisbee's other § 2255 claims.

DATED: November 5, 2007, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Louis A. Bracco
   LOUIS A. BRACCO
   Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

>ROY W. FRISBEE
>Register No. 89213-022
>P.O. BOX 019001
>Atwater, CA 95301
>
>Pro Se
>
>Reginald Minn, Esq.
>Davies Pacific Center
>841 Bishop Street, Suite 2116
>Honolulu, Hawaii 96813
>
>Former Attorney for Petitioner

DATED:  November 5, 2007, at Honolulu, Hawaii.

/s/ Shelli Ann H. Mizukami