NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>WILLIAM VILLA,<br><br>Defendant - Appellant. | No. 05-10270<br><br>D.C. No. CR-03-00200-HG |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ROY W. FRISBEE,<br><br>Defendant - Appellant. | No. 05-10483<br><br>D.C. No. CR-03-00200-2-HG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

---

*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.


EXHIBIT "A"

Argued and Submitted June 12, 2006
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

Co-defendants William Villa and Roy Frisbee were convicted of drug offenses arising from their roles in a methamphetamine trafficking conspiracy that moved between 300-600 pounds of methamphetamine from California to Hawaii and distributed it in Hawaii. They argue together that the prosecution's failure to turn over evidence the defense could have used to impeach the credibility of a cooperating witness was an error under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Villa also argues that the prosecutor impermissibly vouched for the credibility of the government's witnesses. Frisbee argues that the district court erred in denying his motion to suppress evidence found on his property and that the evidence was not sufficient to sustain his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I. *Brady/Giglio* Claim

Villa and Frisbee argue that the prosecution's failure to disclose evidence that could have been used to impeach a cooperating witness was a violation of its

2

obligations under *Brady* and *Giglio*. Alleged *Brady* violations are reviewed de novo. *United States v. Bracy*, 67 F.3d 1421, 1428 (9th Cir. 1995).

The government submitted a sealed pleading to the district court requesting a ruling on whether it was required to disclose certain information to the defense. The district court ordered the prosecution to find out more information, and the government followed up with a sealed supplemental submission. The court then ruled, in a sealed order, that the information need not be disclosed to the defense.

*Brady* stands for the principle that suppression of evidence by the government that is favorable to the defense is a violation of due process. *Brady*, 373 U.S. at 87. The government's obligation to disclose evidence extends to that which could be used for impeachment purposes, when the reliability of the witness may be determinative of the defendant's guilt or innocence. *Giglio*, 405 U.S. at 154. The prosecutor can meet that duty by turning over relevant information to the judge. *United States v. Dupuy*, 760 F.2d 1492, 1501 (9th Cir. 1985). Because the prosecution turned over the information to the district court, it satisfied its obligations under *Brady* and *Giglio*. The district court did not abuse its discretion in ruling that the information did not need to be disclosed to the defense.

3

## II. Vouching

Villa argues that various comments made by the prosecution amounted to impermissible "vouching" for the credibility of the government's witnesses. Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony. *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993). Where the defense has objected below, claims of prosecutorial "vouching" are reviewed for harmless error. Absent a contemporaneous objection, review is for plain error. *United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir. 2000). Villa objected only to one instance of alleged vouching in the closing argument, so that is reviewed for harmless error. The other instances are reviewed for plain error.

While portions of the prosecutor's direct questioning and some of his statements during closing come very close to the line, none of the alleged vouching was plain error. The most problematic instances of alleged vouching are two: one occurred when the prosecutor asked several cooperating witnesses who would sentence them, knowing the answer would be Judge Gillmor. This raised the implication that the witnesses would not dare to lie in their testimony before her. The second occurred during the prosecution's closing argument. When

4

discussing the testimony of an FBI agent, the prosecutor made the following statement: "The evidence in this case, ladies and gentlemen, I submit to you, shows that FBI Agent O'Malley did a fantastic job in this case, and probably should get some sort of --". The defense interrupted with a vouching objection that was sustained.

This questioning in the first instance was clearly inappropriate, but we conclude that it does not meet the stringent test for plain error. The second instance was vouching, but it was rendered harmless when the district court sustained the objection and the prosecutor reframed his argument.

### III. Motion to Suppress

Frisbee challenges the validity of the search of his residence, alleging that the affidavit in support of the search warrant did not establish probable cause. He also argues that the government did not possess an objective good faith belief in the validity of the warrant. A district court's denial of a motion to suppress is reviewed de novo. *United States v. Meek*, 366 F.3d 705, 711 (9th Cir. 2004). The factual findings underlying the denial are reviewed for clear error. *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir. 2004). The court reviews for clear error a finding of probable cause for a search warrant. *Meek*, 366 F.3d at 712.

The Supreme Court has held that a magistrate issuing a warrant must use a common-sense, totality of the circumstances analysis in determining whether there is a substantial basis for concluding that the proposed search would uncover evidence of wrongdoing. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). Moreover, "[a] magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" *Gates*, 462 U.S. at 236 (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)).

The district court did not err in concluding that the magistrate judge had a substantial basis for finding probable cause based on the totality of the circumstances. The officer's affidavit supporting the warrant provided a substantial basis to conclude that a search of Frisbee's residence would uncover evidence of wrongdoing. Even if the magistrate judge erred in concluding that the affidavit established probable cause, the evidence uncovered in the search should not be suppressed because the executing agents' reliance on the warrant was objectively reasonable and in good faith. *United States v. Leon*, 468 U.S. 897, 922 (1984); *see also United States v. Hendricks*, 743 F.2d 653, 656 (9th Cir. 1984) (declining to apply the exclusionary rule though the warrant supporting a search was held to be invalid, because the officers' reliance on the warrant was not unreasonable).

6

IV. Sufficiency of the Evidence

During the search of Frisbee's residence, agents found three and a half pounds of methamphetamine in a plastic bucket located about twenty-five feet from Frisbee's house. Frisbee challenges the sufficiency of the evidence supporting his conviction of possession with intent to distribute the methamphetamine found behind his house, arguing that there was no evidence that Frisbee actually or constructively possessed the drugs. A trial court's ruling on a motion for acquittal is reviewed de novo. *United States v. Johnson*, 357 F.3d 980, 983 (9th Cir. 2004). When reviewing the sufficiency of the evidence, this court must view the facts in the light most favorable to the government. *Bracy*, 67 F.3d at 1424 n.2. The conviction must be affirmed if a rational trier of fact could have found Frisbee guilty beyond a reasonable doubt of each element of the crime charged. *United States v. Corral-Gastelum*, 240 F.3d 1181, 1183 (9th Cir. 2001).

To have possession, the defendant must have the power to exercise dominion and control over the narcotics. *United States v. Vasquez-Chan*, 978 F.2d 546, 550 (9th Cir. 1992). Mere proximity to a drug, without more, is insufficient to support a conviction for possession. *See Corral-Gastelum*, 240 F.3d at 1184; *Vasquez-Chan*, 978 F.2d at 550; *United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir. 1985).

7

Frisbee's argument ignores that the weight of the evidence presented at trial linked him to the methamphetamine conspiracy. Specifically, agents found nearly $169,000 in a wall safe in Frisbee's house; three co-conspirators testified that Frisbee was responsible for collecting money in connection with the sale of methamphetamine; two co-conspirators testified that they had received drugs from Frisbee on occasion; one co-conspirator testified that some of the taped conversations between himself and Frisbee were about the distribution of drugs and money; and Frisbee's girlfriend testified that the methamphetamine and cash found at their shared residence did not belong to her, that she had helped Frisbee count money, and that she once saw Frisbee putting a substance she assumed to be drugs into a ziplock bag. Moreover, a co-conspirator testified that Frisbee kept methamphetamine in a plastic bucket outside his residence, just like the one found during the search. The government presented ample evidence aside from mere presence to show possession.

V.

The judgment of the district court is AFFIRMED.

8

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 3 1 2006

by: _____
     Deputy Clerk

```
                                                          MOATT   INVATT
                                                          CLOSED
                                                                         i
INTERNAL USE ONLY: Proceedings include all events.
05-10483 USA v. Frisbee

UNITED STATES OF AMERICA              Louis A. Bracco, AUSA
     Plaintiff - Appellee              808/541-2850
                                       Suite 6-100
                                       [COR LD NTC aus]
                                       USH - OFFICE OF THE U.S.
                                       ATTORNEY
                                       PJKK Federal Building
                                       300 Ala Moana Blvd.
                                       P.O. Box 50183
                                       Honolulu, HI 96850

    v.

ROY W. FRISBEE                         Cynthia A. Kagiwada
     Defendant - Appellant             808/230-4430
                                       [COR LD NTC ret]
                                       Cynthia A. Kagiwada
                                       (See above)
                                       [COR LD NTC ret]
                                       P.O. Box 368
                                       Kaneohe, HI 96744
```