residence, and, that he had the power and intention to deliver it to other participants in the drug venture.

In sum, the trial evidence provides an obvious "nexus" between Frisbee and the drugs, which rationally supports the jury's finding of constructive possession. See United States v. Cousins, supra, 427 F. 2d at 384. The jury's guilty verdict as to Count 2 is thus plainly founded upon a rational basis.

    C.    The Trial Judge's Decision – After In Camera Review – That Disclosure of Speculative Witness Information as to Accomplice Witness Farias Was Not Warranted, Was Correct

          1.    Overview Re: Rumored Witness Information

Appellant Frisbee also contends on this appeal that certain conduct by the trial judge and the prosecutor, in combination, deprived him of particularized Brady/Giglio information. In so arguing, Frisbee essentially adopts an argument made (somewhat more vituperatively) by his trial co-defendant, William Villa, in Villa's separately filed appeal in C.A. No. 05-10270. Frisbee incorporates by reference information pertaining to this issue which has already been submitted to this Court in Villa's appeal (App. Brief at 5, 10).

The gist of this Brady/Giglio claim is based upon a faulty premise. Like Co-defendant Villa, Frisbee has erroneously assumed that an accomplice witness who testified at trial was actually engaged in known post-plea drug trafficking activity,

32


EXHIBIT "B"

and, that information about this witness' new drug activity was wrongfully withheld from the defense; first by the prosecutor, and ultimately, by the trial judge.

However, as we explain herein, the witness information which underlies the present <u>Brady/Giglio</u> claim was <u>wholly speculative from the outset</u> -- <u>and later fully discredited</u> -- <u>before</u> the witness gave any testimony. Accordingly, as Judge Gillmor found below, there existed <u>no</u> non-speculative information to be disclosed.

2. <u>In Camera</u> Submission of Witness Information Regarding Accomplice Witness Farias

On October 29, 2004, Government trial counsel filed an <u>ex parte</u> in camera sealed pleading which addressed conjectural <u>Brady/Giglio</u> new information as to prospective trial witness Doug Farias. In short, Government counsel advised Judge Gillmor in this sealed pleading about recent uncorroborated hearsay information, attributed to a person of unknown reliability, which suggested that prospective witness Farias (who was then released on bail pending sentencing) <u>might</u> be engaged in, or might be about to engage in, new drug trafficking activity (GSESR 2-4).[11]

---

[11] "GSESR" denotes Government's Sealed Excerpts of Sealed Record. Our <u>ex parte</u> sealed excerpt of record was filed contemporaneously with the Government's Answering Brief in co-defendant William Villa's companion appeal (C.A. No. 05-10270). Because (1) we anticipate that the separate <u>Frisbee</u> and <u>Villa</u> appeals (arising from the same trial) will be consolidated for submission/oral argument, and, (2) we hesitate to burden this Court with additional sealed filings which mirror

33

This conjectural new information was obtained by a law enforcement agency _not_ involved in the case on trial, U.S. Customs (Department of Homeland Security). A Custom's agent had received information from an informant, who in turn had received information from an associate, wherein the informant reported that his associate had told him about a conversation with Doug Farias which suggested to the associate that Farias might be involved in current drug activity (GSESR 2-4).

Upon submitting this witness information to the trial judge, the prosecutor submitted an alternatively proposed order which sought a ruling from the Court as to disclosure (GSESR 5):

ORDER

Upon reviewing the above-recited witness information concerning prospective trial witness Doug Farias;

\_\_\_\_   The Court _agrees_ that the witness information
       contained above is conjectural/speculative, such
       that disclosure is not required at this time.

\_\_\_\_   The Court wishes to inquire further into this
       matter and will schedule an in camera meeting with
       government counsel.

---

sealed excerpts already filed, we incorporate herein by reference our "Sealed Excerpts of Sealed Records" filed in C.A. No. 05-10270.

The _ex parte_ sealed pleading filed October 29, 2004 is captioned "Government's Ex Parte In Camera Submission of Witness Information and Brady/Giglio Information" and continues to be filed under seal. See District Court docket entry #262; AER 373. "AER" refers to Appellant Frisbee's Excerpts of Record.

34

    \_\_\_\_ The Court <u>disagrees</u> with the government's position and directs that the witness information contained herein be disclosed to defense counsel.

Upon reviewing the Government's sealed pleading concerning the Farias witness information, Judge Gillmor chose the middle course, and directed an <u>in camera</u> meeting with Government counsel (GSESR 5).

    3.    <u>The *In Camera* Hearing</u>

The <u>in camera</u> hearing concerning the sealed Farias witness information was held the following business day, Monday, November 1, 2004 (AER 374/#278). The transcript of this sealed hearing is apparently now part of the public record.[12]

The hearing transcript shows that Judge Gillmor conducted an inquiry as to the Farias witness information, and received responses from the informant's handler, Customs Agent Laura Dai, and the prosecutor (ICH 1-13).[13] Judge Gillmor was advised that Customs agent Dai had been unable to corroborate any of this hearsay information about Farias, despite actively attempting to do so. The judge was also informed that the

---

[12] It appears that the transcript of this hearing was intended to remain under seal (<u>see</u> sealed Minute Order dated November 8, 2004 (GSESR 13-14). However, the sealed hearing was apparently transcribed by the Court stenographer as a part of the appellate record and, inadvertently or otherwise, provided to defense counsel. Co-defendant William Villa has previously included the <u>in camera</u> hearing transcript in his excerpts of record in C.A. No. 05-10270, effectively publishing it.

[13] "ICH" denotes citation to the transcript of the <u>in camera</u> hearing held on November 1, 2004.

"associate" to whom the informant had attributed the information was a person whose reliability was unknown (ICH 7-13).

The in camera transcript reflects the Court's concern that, absent more information about the matter, the new Farias witness information might warrant disclosure to defense counsel (ICH 13, 26-28, 37). Judge Gillmor suggested that Government counsel initiate further investigation, which could either confirm or refute the speculative new information which had been reported concerning Farias (ICH 16, 31-32, 35, 39).

Judge Gillmor told the prosecutor "... the ball is in your court to come up with [a solution] what you want to do" (ICH 35). Upon being asked what type of investigation might solve the problem, Judge Gillmor declined to suggest the use of any particular investigative tool, telling the prosecutor to "... put your creative hat on" (ICH 39).

    4.   Follow-Up Investigation and Supplemental Sealed Pleading

On November 5, 2004, Government counsel filed a supplemental ex parte sealed pleading concerning the sealed Farias witness information[14] (GSESR 6-12). This supplemental pleading informed the Court about follow-up investigation which

---

[14] The November 5, 2004 ex parte pleading is captioned "Government's Ex Parte Supplemental Submission re October 29, 2004 Ex Parte In Camera Submission of Witness Information and Brady/Giglio Information." This supplemental pleading also continues to be filed under seal. See District Court docket entry #287; AER 378.

36

had been undertaken by the government pursuant to the Court's suggestion that additional investigation be initiated.

In short, the FBI was able to more fully identify and interview the "associate" to whom the conversation suggesting that Farias was involved in (or planning) new drug activity had been attributed by the Custom's informant. The Court was provided with a written report (attached to the supplemental sealed pleading) of the interview of this individual. This report shows that, upon being interviewed, the associate disclaimed having any information that Farias was involved in, or was planning, any new drug activity (GSESR 11-12). In the absence of this individual claiming any knowledge suggesting that Farias might be involved in present or planned future drug activity, no new impeachment information about Farias appeared to exist.

    5.   <u>The District Court's Disclosure Ruling</u>

Following the FBI investigation which refuted the hearsay witness information which had initially been reported to the Court, Judge Gillmor issued a sealed Minute Order on November 8, 2004. This Order memorialized in writing Judge Gillmor's finding that no basis existed upon which to disclose the initially reported (but since refuted) hearsay information about Farias. Judge Gillmor made the specific finding in this sealed Minute Order that " ... the Court finds

that the Government is not required to make any disclosures at this time"[15] (GSESR 13).

### 6. Frisbee's Brady/Giglio Claim

Upon examination of the contents of the sealed pleadings, and, the above-explained course of conduct by the prosecutor and the trial judge, it becomes apparent that Frisbee's present Brady/Giglio claim must fail. The prosecutor did **not** act unilaterally to withhold any witness information. Instead, the prosecutor properly made full and timely submission(s) to the trial court *in camera*, so that the Court could make the determination as to whether any disclosure was required--before Farias testified at trial.

The rule in this Circuit is that *in camera* inspection by the trial judge is a procedurally acceptable manner for a prosecutor to determine whether questionable witness material should be disclosed to the defense for impeachment purposes. United States v. Jones, 612 F.2d 453, 456 (9th Cir. 1979), cert. denied, 445 U.S. 966 (1980); United States v. Dupuy, 760 F.2d 1492, 1500 (9th Cir. 1985); United States v. Gardner, 611 F.2d 770, 774-75 (9th Cir. 1980); United States v. Chacon, 564 F.2d

---

[15] This sealed 1-page Minute Order dated November 8, 2004, is designated in the District Court docket as entry #288 (AER 379). As the sealed Minute Order *itself* contains no privileged or confidential information, it was most probably not intended by the Court to be sealed, and likely, inadvertently sealed through clerical error. Our position is that the 1-page Minute Order should be unsealed.