IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIV. NO. 07-00533 HG-BMK |
| | ) CR. NO. 03-00200-02 HG |
| v. | ) |
| | ) DECLARATION OF REGINALD P. |
| ROY W. FRISBEE,        (02) | ) MINN |
| | ) |
| Defendant. | ) |
| | ) |

DECLARATION OF REGINALD P. MINN

I, Reginald P. Minn, declare as follows:

1.  I represented Roy W. Frisbee in Cr. No. 03-00200-02 HG through the sentencing hearing in that case.

2.  I am filing this declaration having reviewed Roy Frisbee's petition brought pursuant to 28 U.S.C. § 2255, and also having reviewed the Order Finding That Petitioner Roy W. Frisbee Has Waived His Attorney-Client Privilege As To Communications/Issues Raised By Roy W. Frisbee In His Section 2255 Petition, filed November 26, 2007.

3.  I have informed Assistant United States Attorney Louis Bracco that I am preparing this declaration in response to Petitioner Frisbee's claims of my ineffective assistance, but I have not otherwise discussed with Mr. Bracco any privileged communications which occurred between Petitioner Frisbee and myself.

EXHIBIT "D"

4. Prior to the commencement of the trial in Petitioner Frisbee's case, I had numerous meetings with him wherein we discussed the overwhelming evidence against him, including the potential testimony of his brother and his fiancée, and the possibility of resolving his case by a plea agreement.

5. At no time during my meetings with Petitioner Frisbee did I observe any behavior which caused me to believe that he was suffering from any mental condition that might form the basis of a defense to the charges, or otherwise support a finding that he was not competent to stand trial.

6. Accordingly, I did not consult with any mental health personnel regarding Petitioner Frisbee's mental status, or seek to have him examined to determine if he had any mental deficiencies.

7. I made Petitioner Frisbee aware that he faced the possibility of a 30-year to life term of imprisonment if convicted, and on numerous occasions we discussed the possibility of entering into a cooperation agreement with the government as a means of avoiding such a consequence.

8. I informed Petitioner Frisbee that if he cooperated with the government, based on my experience and

my discussions with Assistant United States Attorney Louis Bracco, I estimated that he might receive a sentence of between 14 and 17 years.

9. Petitioner Frisbee was consistent in his refusal to contemplate any plea agreement which required him to cooperate with the government and still receive what he considered to be a substantial term of imprisonment.

10. Based on his comments to me, I believe Petitioner Frisbee felt that it was personally distasteful and potentially dangerous to enter into such an agreement.

11. I also explained to Petitioner Frisbee that he could plead guilty without any cooperation agreement and obtain an adjustment for "acceptance of responsibility", but because this approach would still expose him to a guideline range in excess of 20 years, he was not interested in this option.

12. Prior to Petitioner Frisbee's trial, I was aware of rumors that co-defendant Douglas Farias, a government witness, continued to engage in drug trafficking while on pretrial release.

13. I did not retain any investigator to attempt to verify these rumors regarding co-defendant Farias, as I did not believe any investigator could get "close enough"

to Farias in order to obtain direct evidence of such activity.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: Honolulu, Hawaii, _____1/17/08_____.

_____
Reginald P. Minn