IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
ROY W. FRISBEE,               )
                              )
          Petitioner,         )   Civil No.  07-00533 HG-BMK
                              )
     vs.                      )   Criminal No.  03-00200-02 HG
                              )
UNITED STATES OF AMERICA,     )
                              )
          Respondent.         )
                              )
_____)
```

**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY**

Petitioner Roy W. Frisbee ("Petitioner"), a federal prisoner incarcerated at the Federal Correctional Institution located in Atwater, California, has filed a Motion to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion").

Petitioner makes three claims; his counsel was ineffective, the United States withheld information he could have used to impeach a witness, and the District Court sealed a minute order concerning an *in camera* submission by the Government.

The Court has reviewed the allegations and finds them to be without merit.  The Motion is DENIED.

**PROCEDURAL HISTORY**

On October 22, 2007, Petitioner Roy W. Frisbee ("Petitioner") filed a Motion pursuant to 28 U.S.C. § 2255 to

1

Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion").  (Doc. 504.)

On November 5, 2007, the United States filed a Preliminary Reply to the § 2255 Motion, and Request For Order Finding Attorney-Client Privilege Waiver As To Former Attorney Reginald Minn.  (Doc. 505.)

On November 26, 2007, the Court entered an Order Finding That Petitioner Roy W. Frisbee Has Waived His Attorney-Client Privilege As To Communications/Issues Raised By Roy W. Frisbee In His § 2255 Petition.  (Doc. 508.)

On January 10, 2008, the United States filed the Government's Request for 30-day Extension of Time to File its (Supplemental) Reply to Frisbee's 27 U.S.C. § 2255 Petition. (Doc. 513.)

On January 15, 2008, the Court granted the United State's motion for extension of time to file a response.  (Doc. 514.)

On January 24, 2008, the Government filed a supplemental reply to Petitioner's § 2255 Motion.  (Supp. Reply, Doc. 515.)

**BACKGROUND**

**I.    THE INDICTMENT**

On September 17, 2003, a nine-count Superseding Indictment was returned in the District of Hawaii charging Petitioner Roy Frisbee and seven other defendants, in Count 1, with participating in an extensive methamphetamine trafficking

conspiracy, in violation of 21 U.S.C. § 846 and 841(a)(1).

Frisbee was individually charged in Count 2 of the Indictment with having possessed a specific quantity of methamphetamine for distribution in violation of 21 U.S.C. § 841(a)(1), and, in Count 9, with criminal forfeiture of specified items of personal property alleged to have been proceeds of the drug conspiracy charged in Count 1.

## II.  TRIAL PROCEEDINGS

Six of the eight defendants named in the Indictment plead guilty to the conspiracy offense.  Roy Frisbee and a second defendant, William Villa, proceeded to a jury trial.  Trial proceedings commenced on November 2, 2004, and continued over the next five weeks.  Guilty verdicts against both defendants as to the drug conspiracy offense in Count I, and against Petitioner Frisbee as to the substantive drug offense charged in Count 2, were returned on December 2, 2004.  On December 3, 2004, the jury's special verdicts as to sentencing facts and forfeiture were returned.

Special verdicts were returned which made findings as to the drug quantity attributable to each defendant, and a finding as to the role played by Roy Frisbee in the offense.  The jury also returned a special forfeiture verdict, concerning Roy Frisbee only, finding that the $168,995.00 cash, three automobiles, three motorcycles, and sport boat identified in Count 9 of the

Superseding Indictment were each proceeds of the drug trafficking conspiracy charged in Count 1.

### III. SENTENCING

Petitioner was sentenced on June 23, 2005.  The Court found him to be a "Career offender" under the Sentencing Guidelines because his sentencing record established that Petitioner had previously been convicted of two or more felony crimes of violence.  The Sentencing Guidelines provided for an advisory guideline range of 360 months to life.  The Court declined to follow the Advisory Guidelines and imposed concurrent sentences of 250 months incarceration as to Counts 1 and 2.  Pursuant to the jury's special forfeiture verdict for Count 9 of the Indictment, the Court ordered forfeited Petitioner's interest(s) in the $168,995.00 cash, three automobiles, three motorcycles, and sport boat.

### IV.  APPELLATE PROCEEDINGS

Petitioner appealed his conviction to the Ninth Circuit Court of Appeals.  By written memorandum opinion filed July 12, 2006, Petitioner's conviction and sentence were affirmed.  (See Ninth Circuit Court's memorandum opinion affirming Frisbee's conviction and sentence, Supp. Reply at Exh. "A", Doc. 515.)

Petitioner then petitioned for a re-hearing.  The petition was denied on August 23, 2006.

**STANDARD OF REVIEW**

28 U.S.C. § 2255 ("Section 2255") permits a prisoner in custody, under sentence of a court, claiming the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, to move the court which imposed the sentence to vacate, set aside, or correct the sentence. See 28 U.S.C. § 2255.

A court shall hold an evidentiary hearing on a prisoner's § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A court need not hold an evidentiary hearing on a prisoner's § 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

**ANALYSIS**

**PETITIONER'S § 2255 MOTION**

Petitioner states three grounds for relief in his § 2255 Motion:

1. Ground One: Petitioner was denied effective assistance of counsel;

2. Ground Two: that the United States withheld impeachment information from Petitioner during trial; and

3. Ground Three: that Petitioner was prejudiced by the sealing of the District Court's minute order concerning an *in camera* submission by the Government.

None of the grounds stated in Petitioner's § 2255 Motion have merit.

**I. PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS WITHOUT MERIT**

Petitioner's ineffective assistance of counsel claim is based on his assertions that his counsel failed to conduct a pre-trial investigation of a trial witness expected to testify for the Government; and that his attorney failed to raise a defense asserting Petitioner's reduced mental capacity.

In Strickland v. Washington, 466 U.S. 688, 687 (1984), the United States Supreme Court held that to succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that his counsel's performance was deficient and

that Petitioner was prejudiced as a result.

The first prong, establishing deficient performance, requires counsel to have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.

Second, the deficient performance must have prejudiced Petitioner. Id. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." Id.; see also Riggs v. Fairman, 399 F.3d 1179, 1182 (9th Cir. 2005) (a petitioner must demonstrate that "but for his counsel's ineffectiveness, the result of his proceedings would have differed.").

Petitioner must overcome the strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

**A.  The Pre-trial Investigation**

Petitioner claims ineffective assistance of counsel by attorney Reginald P. Minn, claiming he failed to conduct a pre-trial investigation of a witness, Doug Ferias, who testified for

7

the Government. (§ 2255 Motion at 11, Doc. 504.) Petitioner alleges that an investigation would have revealed that Farias "was continuing [his drug trafficking] business as usual" while on pre-trial release. (Id.)

Petitioner's claims fail both parts of the Strickland test. Attorney Minn could have pursued many avenues of defense, but that is not the relevant inquiry. Rather, the question under the Strickland test is "whether the choices made by defense counsel were reasonable." Siripongs v. Calderon, 133 F.3d 732, 736 (9th Cir. 1998), cert. denied, 488 U.S. 1019 (1989). An attorney may determine that a particular investigation is unnecessary. Strickland, 466 U.S. at 691. Such a decision is "assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id.

Here, Petitioner's claim raises the issue of alleged impeachment information regarding Farias. It is also the source of Petitioner's objection to the *in camera* information that was before this Court. Attorney Minn heard a rumor that Farias continued to deal drugs, but had no specific objective information indicating an investigation would lead to impeachment evidence. (Minn Decl. ¶¶ 12-13, Doc. 515-5.) In contrast, the case against Petitioner was very strong, with the testimony of his brother, fiancé, and co-conspirators providing overwhelming evidence of Petitioner's criminal activity. See Eggleston v.

U.S., 798 F.2d 374, 376 (9th Cir. 1986)(Ineffective assistance claims based on duty to investigate must be considered in light of strength of Government's case.)  Attorney Minn also states in his declaration that he "did not believe any investigator could get 'close enough' to Farias in order to obtain direct evidence" of any illegal drug activity.  (Minn Decl. ¶¶ 12-13, Doc. 515-5.) Attorney Minn made a reasonable decision not to expend defense resources by not pursuing the rumor of possible impeachment evidence against one of the many witnesses testifying against Petitioner.

   Further, there is no showing of prejudice.  No prejudice to the defense can result from a failure to investigate where the investigation would have revealed only that no impeachment information existed.

   The Fact that the issue was resolved in Petitioner's direct appeal is more fully explained *infra*.  (See Ninth Circuit Court's Memo. Opinion, Supp. Reply at Exh. "A", Doc. 515.)

   **B.   The Defense Of Reduced Mental Capacity**

   Petitioner also claims ineffective assistance of counsel because his attorney failed to request a mental evaluation of Petitioner.  According to Petitioner, counsel should have had Petitioner examined by a psychiatrist, investigated Petitioner's mental history, and uncovered a mental capacity theory of defense.  (§ 2255 motion at 16-17, Doc. 504.)

In Support of the claim, Petitioner only offers the conclusion that his own "behavior was irrational and impaired when faced with the facts of confronting his brother, fiancé and co-conspirators testimonies against him, making the government's case much stronger." (Id. at 19.) In Petitioner's opinion, "any rational person facing that burden would have......accepted the government['s] deal" (Id.) This may be evidence of Petitioner's ability to evaluate possible consequences, but it is not, standing alone, evidence of reduced mental capacity.

There is no evidence in the record, then or now, indicating Petitioner suffers from a reduced mental capacity, or an inability to understand his circumstances and make a reasoned choice among the alternatives presented to him. In his declaration, Petitioner's defense attorney states that he had numerous meetings with Petitioner during which he discussed the overwhelming evidence against Petitioner. In particular, Attorney Minn discussed "the potential testimony of [Petitioner's] brother and his fiancé, and the possibility of resolving his case by a plea agreement." (Minn Decl. at ¶¶ 4-5, Exh. D, Doc. 515-5.) Attorney Minn states Petitioner understood what was being discussed, and gave no indication of any mental deficiency in these meetings. (Id.)

Special Agent Timothy J. O'Malley of the FBI states in his declaration that he also saw no indication of mental deficiency

10

when he interviewed Petitioner after the arrest.  (O'Malley Affidavit, Exh. C, Doc. 515-4.)  The interviews were extensive, and Petitioner described in reliable detail his position in the drug trafficking organization, the quantities of drugs handled, and the distribution methods used.  (Id.)  Special Agent O'Malley noted that Petitioner "answered all my questions clearly and accurately" and that he "was alert and actively participated in my interviews with him".  (Id. at ¶ 10.)  Special Agent O'Malley concluded from Petitioner's answers that Petitioner "was fully aware and understood his legal situation."  (Id. at ¶ 10.)

Petitioner does not contend that he actually suffered from a mental illness.  He merely argues that if Attorney Minn had investigated mental health mitigation, the investigation might have resulted in a different outcome to the trial proceedings.  (§ 2255 Motion at 16, Doc. 504.)  Speculation is insufficient to establish prejudice.  Gonzalez v. Knowles, 515 F.3d 1006, 1016 (9th Cir. 2008); Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997)("Speculation about what an expert could have said is not enough to establish prejudice.").

Absent any objective indication that Petitioner suffered from a reduced mental capacity, attorney Minn cannot be deemed ineffective for failing to pursue mitigation based on mental illness.  See Wilson v. Henry, 185 F.3d 986, 990 (9th Cir. 1999) (that counsel knew defendant had been beaten, without more, did

11

not render decision not to investigate possibility of psychiatric defense unreasonable); Matthews v. Evatt, 105 F.3d 907, 920 (4th Cir. 1997), cert. denied, 522 U.S. 833 (1997)("counsel is not deficient for failing to find mitigating evidence if, after a reasonable investigation, nothing has put the counsel on notice of the existence of that evidence.").

Defense Attorney Minn exercised reasonable professional judgment in concluding that a hearing regarding Petitioner's mental capacity would not aid the defense.

## II.   THE CLAIM THE GOVERNMENT WITHHELD IMPEACHMENT INFORMATION IS WITHOUT MERIT

Petitioner claims that the United States withheld evidence from the defense that could have been used to impeach the Government's witness, Doug Farias.  (§ 2255 Motion at 22, Doc. 504.)

On October 29, 2004, the United States filed an *ex parte* sealed pleading requesting a ruling on whether it was required to disclose certain uncorroborated information concerning trial witness Doug Farias to the defense.  (Doc. 262.)  On November 1, 2004, an *in camera* hearing was held, and the Court ordered the prosecution to find out more information.  (Doc. 278.)  After further investigation, the Government filed an *ex parte* supplemental sealed pleading on November 8, 2004.  (Doc. 287.) After review of the additional information, the Court then ruled, in a sealed Minute Order issued on the same day, that the

Government was not required to disclose the information to the defense. (Doc. 288.)

The issue regarding possible impeachment information was decided adversely to Petitioner in his direct appeal from the judgment of conviction. In the July 12, 2006, memorandum opinion of the Ninth Circuit Court affirming Petitioner's conviction and sentence, the Ninth Circuit Court said:

> Because the prosecution turned over the information to the district court, it satisfied its obligations under *Brady [v. Maryland,* 373 U.S. 83 (1963)] and *Giglio [ v. United States,* 405 U.S. 150 (1972)]. The district court did not abuse its discretion in ruling that the information did not need to be disclosed to the defense.

(Supp. Reply at Exh. "A", Doc. 515 at 3.)

Issues which have previously been considered on direct appeal and decided adversely to the Petitioner cannot be reconsidered in a § 2255 proceeding. U.S. v. Currie, 589 F.2d 993, 994-95 (9th Cir. 1979) ("Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."); Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion."), citing Stein v. United States, 390 F.2d 625, 626 (9th Cir. 1968). Here, Petitioner attempts to set out a variation of his legal argument in the direct appeal to the Ninth Circuit Court regarding the alleged

13

withholding of impeachment information by the prosecution. Petitioner does not set out a new claim. (<u>See</u> Supp. Reply at Exh. "A", Doc. 515 at 2-3.) The fact that the issue may be couched in different language is of no significance. <u>Sanders v. United States</u>, 373 U.S. 1, 15-16 (1963). The use of the rumor about Farias' continued drug involvement was fully litigated on direct appeal and determined against Petitioner by the Ninth Circuit Court of Appeals. Petitioner may not seek a redetermination of the issue here in his § 2255 Motion. <u>See</u> <u>Currie</u>, 589 F.2d at 995.

**III. THE CLAIM THAT THE SEALING OF THE NOVEMBER 8, 2004 MINUTE ORDER PREJUDICED PETITIONER'S DEFENSE IS WITHOUT MERIT**

Petitioner's third claim is that his defense was prejudiced by the sealing of the Court's November 8, 2004, Minute Order, (Doc. 288). After the *in camera* review outlined above, the Court concluded there was no reliable evidence of continued drug activity by Farias. The Court issued its ruling, in a minute order, concluding there was no information concerning trial witness Doug Farias that the United States was required to submit to the defense. (<u>Id.</u>) Petitioner argues that by sealing the Order, "petitioner was denied the right to a fair trial and to possess evidence that could have . . . impeach[ed] government key witness Doug Farias . . . ." (§ 2255 Motion at 29, Doc. 504.)

Such information is material evidence only "if there is a reasonable probability that had the evidence been disclosed to

14

the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985)(internal quotation marks omitted). The decision on appeal in this matter held that "[t]he district court did not abuse its discretion in ruling that the information did not need to be disclosed to the defense." (Supp. Reply at Exh. "A", Doc. 515.) There can be no prejudice to the Defense from sealing the Order ruling that no material impeachment information existed.

**IV. DISPOSITION OF PETITIONER'S SECTION 2255 MOTION IS SUITABLE WITHOUT A HEARING**

A court shall hold an evidentiary hearing on a prisoner's § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C § 2255.  A court need not hold an evidentiary hearing on prisoner's § 2255 petition where the prisoner's allegations, when view against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal.  Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985).  "Merely conclusory statements in a § 2255 motion are not enough to require a hearing."  United States v. Johnson, 988 F.2d, 941, 941( 9th Cir. 1984) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

Petitioner's § 2255 Motion is suitable for disposition without a hearing.  Petitioner's two part claim of ineffective assistance of counsel fails.  The first contention is based on the non-existent impeachment evidence, and Petitioner can show no prejudice which would undermine confidence in the sentencing result.  As to the second part, Petitioner fails to present any mitigating evidence of mental incapacity that would entitle him to an evidentiary hearing.

Petitioner's second and third claims revolve around the United States presentation *in camera* to the Court and the Court's sealed ruling thereon.  The Ninth Circuit Court of Appeals held that this Court did not abuse its discretion in its sealed ruling that the information need not be disclosed to the defense.  (See Ninth Circuit Court's Memo. Opinion, Supp. Reply at Exh. "A", Doc. 515.)

Petitioner's Motion, the United States' response, the case file, and records of the case conclusively show that Petitioner is not entitled to habeas relief on any of the grounds he alleges.  See 28 U.S.C. § 2255.  The Court will not hold an evidentiary hearing on Petitioner's § 2255 Motion.  See Shah, 878 F.2d at 1154; Schaflander, 743 F.2d at 717.

## CERTIFICATE OF APPEALABILITY

### I.   STANDARD

Under 28 U.S.C. § 2253(c), a petitioner must make a

"substantial showing of the denial of a constitutional right" in order to obtain a certificate of appealability when the District Court has denied a habeas claim on the merits. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999). To satisfy this standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

When a petition is denied based on procedural grounds without reaching the merits of the claim, a certificate of appealability shall be issued if petitioner makes two showings. See Slack, 529 U.S. at 484-485.

First, a petitioner must show reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. At 484.

Second, a petitioner must show reasonable jurists would find "it debatable whether the district court was correct in its procedural ruling." Id.

Both showings are required before a Certificate of Appealability will be issued. See Lambright v. Steward, 220 F.2d 1022, 1026-27 (9th Cir. 2000). The two components are each part of a threshold inquiry. Slack, 529 U.S. at 482. "[A] court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is

17

more apparent from the record and arguments." Id.

## II. APPLICATION

Petitioner does not satisfy the standard for a certificate of appealability for a denial on the merits or on procedural grounds.  Petitioner has not made any showing of a denial of a constitutional right.  Rather, Petitioner brings unsupported claims of ineffective assistance of counsel and failure to provide impeachment evidence, and attempts to challenge his sentence without any articulated reason supported in the record. Reasonable jurists could not debate the Court's conclusion that the grounds set forth in Petitioner's § 2255 Motion are foreclosed by the findings of the Ninth Circuit Court that no impeachment information needed to be disclosed to the defense, and by Petitioner's failure to point to any objective indications of mental illness.

Petitioner has not made the required showing for a certificate of appealability.

//

//

//

//

//

//

//

**CONCLUSION**

(1)  Petitioner'S Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. 505), is DENIED; and

(2)  Petitioner is not entitled to a certificate of appealability on any of the grounds in his § 2255 Motion.

(3)  The case is now CLOSED.

IT IS SO ORDERED.

DATED:   June 9, 2008, Honolulu, Hawaii.



  /s/ Helen Gillmor
Chief United States District Judge


ROY W. FRISBEE v. UNITED STATES OF AMERICA, Civil No. 07-00533 HG-BMK; Criminal Co. 03-00200-02 HG; **ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**